UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| RESULTARES, INC.<br>(d/b/a SAFETYFILE™),<br><br>  Plaintiff,<br><br>v.<br><br>WEST TEXAS SAFETY TRANINING CENTER and RACKSPACE US, INC.<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§    Case No. 7:19-cv-144<br>§<br>§<br>§<br>§<br>§<br>§ |

### PLAINTIFF RESULTARES, INC.'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY RELIEF

TO THE HONORABLE COURT:

Plaintiff Resultares, Inc. d/b/a SafetyFile™ ("Resultares") files this Original Complaint Request for Declaratory Relief against Defendants West Texas Safety Training Center ("WTSTC") and Rackspace US, Inc. ("Rackspace") (collectively referred to as "Defendants"), arising from WTSTC's continued and improper use of Resultares' software, which is hosted on Rackspace's servers, as follows:

### Parties

1. Resultares is a Nevada corporation registered and authorized to conduct business in the State of Texas. Resultares has constitutional standing and capacity to file this suit.

2. WTSTC is a Texas corporation registered and authorized to conduct business in the State of Texas. WTSTC's registered agent for service of process in the State of Texas is Ron Kirby at 2626 JBS Parkway, Odessa, Texas 79761. WTSTC is the correct Defendant and is being sued in its correct capacity. Citation is requested at this time.

3. Rackspace is a Delaware corporation registered and authorized to conduct business in the State of Texas. Rackspace's registered agent for service of process in the State of Texas is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. According to the Partial Service Transfer Form at issue in this lawsuit, Rackspace is the correct Defendant and is being sued in its correct capacity. Citation is requested at this time.

## Jurisdiction and Venue

4. This Court has diversity jurisdiction of this lawsuit under 28 U.S.C. § 1332 because there is diversity of citizenship between the Parties. Plaintiff Resultares is a Nevada corporation. Defendant WTSTC is a Texas corporation, and Defendant Rackspace is a Delaware corporation. Further, because this action arises under 18 U.S.C. § 1030 (the Computer Fraud and Abuse Act), the Court has original jurisdiction under 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367(a), because such claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. The amount in controversy exceeds the jurisdictional requirements of the Court. *See* 28 U.S.C. § 1441(b)(2). Specifically, Resultares seeks damages: (1) licensing fees for three months, (2) at least $250,000, which is the original sale price of the STARRS software that WTSTC offered $175,000.00 lump sum to purchase and continues to use without any license, authority, or other permission from Resultares, and (3) disgorgement of all profits WTSTC has made, and is continuing to make, from its ongoing and improper use of the STARRS software after the Parties' license agreement terminated.

6. This Court has specific jurisdiction over Defendants because the claims arise out of Defendant WTSTC's collective business transactions and torts occurring in this Judicial District.

Defendant WTSTC has committed breaches and intentional acts, and Resultares has felt the resulting injury, within this Judicial District. Furthermore, Defendant Rackspace has minimum contacts within the State of Texas and conducts business with customers located within this Judicial District.

7. Venue is proper in the Western District of Texas Midland-Odessa Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## Factual Allegations

8. This case arises from WTSTC's continued and improper use of Resultares' proprietary software after Resultares terminated the parties' licensing agreement, effective March 2, 2019. Resultares is a software development company that creates workforce credentialing and compliance management web-tools for its clients. WTSTC is a former Resultares client and Permian Basin training organization. Rackspace is a cloud computing company that hosts third-party software on its servers.

9. In approximately April of 2014, WTSTC contracted with Resultares to develop software that would permit WTSTC to operate practically all its business operations online. As such, Resultares developed and created the STARRS web-based system that permitted WTSTC to conduct all manner of transactions on its website, including online training courses, background screenings, payment portals, and other learning management and occupational health services. The Parties entered into a three-year licensing agreement, known as the Software as a Service Agreement for SafetyFile™ Hosted Services, originally executed on April 16, 2014 and later renewed on June 15, 2017 (the "License Agreement"). *See* Exhibit A-1. Section 10(f) of the License Agreement states clearly that its terms provide WTSTC with a "non-exclusive, non-

transferrable access" to the STARRS software, and that all technology or intellectual property comprising the software "remain solely owned by" Resultares. *See id.* Pursuant to this License Agreement, WTSTC fully implemented Resultares' STARRS software on its website. Rackspace hosted the actual software on its servers. The arrangement between the three parties can be compared to a commercial office building. Rackspace is the landlord, and the STARRS software itself is the business that operates out of that virtual space. Initially, Resultares paid the monthly hosting fees, or the monthly rent, directly to Rackspace, for Rackspace to host Resultares' STARRS software for the benefit of WTSTC.

10. The Parties began negotiating the terms of a purchase agreement, and Resultares offered to sell the STARRS software to WTSTC for $250,000 instead of raising licensing fees to $7,000 per month. In September 2018, WTSTC extended an unsolicited offer to Resultares to purchase the STARRS software for the lump sum of $175,000. WTSTC agreed that WTSTC would assume responsibility for paying Rackspace's hosting fees. On October 2, 2018, Resultares assigned its hosting contract with Rackspace to WTSTC pursuant to a Partial Service Transfer Form prepared by Rackspace. *See* Exhibit A-2. WTSTC, by virtue of this form, assumed responsibility for paying the hosting fees, or the monthly rent, directly to Rackspace. After the execution of the Partial Service Transfer Form, Resultares no longer had access to the hardware comprising the virtual space, or the commercial office building, but Resultares continued to own the business.

11. Negotiations for the purchase of the STARRS software fell through. On January 3, 2019, Resultares issued to WTSTC formal notice of the termination of the Parties' June 2017 Licensing Agreement, to be effective sixty (60) days later, or on March 2, 2019. *See* Exhibit A-3. WTSTC has not paid the required monthly fees to Resultares since the issuance of the termination

notice.  For those two months prior to the Licensing Agreement's termination, WTSTC owes Resultares $3,612.90 in unpaid invoices.  *See* Exhibit A-4.

12. The March 2, 2019 termination date has long since passed, and WTSTC simply ignored Resultares' termination notice. It is irrefutable that WTSTC continues to use Resultares' STARRS software, without Resultares' permission or authorization, and is using Rackspace's hosting services to do so. Indeed, as of the date of filing, the second logo featured prominently at the top of WTSTC's website, preceded only by the company's own brand, is that of Resultares' STARRS application.  *See* Exhibit A-5. Resultares is suffering irreparable harm by WTSTC's continued use of Resultares' software in violation of the Parties' Licensing Agreement.

13. Both Resultares and WTSTC agree that the Parties' Licensing Agreement has terminated, but WTSTC now insists that the Parties' signatures to Rackspace's Partial Service Transfer Form somehow assigned Resultares' intellectual property to WTSTC such that *WTSTC* now owns the STARRS software.  In other words, WTSTC asserts that by agreeing to pay rent to Rackspace, WTSTC purchased the entire business from Resultares.   This Partial Service Transfer Form is the only document that WTSTC has identified in support of its untenable claims of ownership, which have no merit whatsoever.  The form is specifically limited to a transfer of hardware, not software, and operates as an accounting technicality that dictates which party pays hosting fees.  It is certainly not an assignment document, particularly when compared to the ownership language within the License Agreement. WTSTC's claim to have purchased Resultares' software is especially problematic for two reasons: (1) WTSTC continued negotiations to purchase the STARRS software from Resultares directly, even after executing the Partial Service Transfer Form, and (2) WTSTC continued to pay licensing fees under the License Agreement from October 2, 2018 (the date of execution of the Partial Service Transfer Form) through January 3, 2019 (the

date of the termination notice). If WTSTC reasonably believed that the Partial Service Transfer Form was an assignment the STARRS software, why would WTSTC continue to negotiate the terms of a purchase agreement or to pay licensing fees for use of that same software? The answer is clear. WTSTC has manufactured an artificial excuse in hindsight to continue to profit from Resultares' intellectual property for free.

14. In correspondence between counsel, WTSTC recently indicated to Resultares that it has requested a third party to "install upgrades" to the STARRS software. *See* Exhibit B. Again in a phone call between counsel on June 12, 2019, WTSTC confirmed not only is it prepared to unilaterally upgrade STARRS, but for an extended period of time, WTSTC has been performing its own maintenance on STARRS. Seemingly innocuous "upgrades" and "maintenance" means that WTSTC has every intention to tinker with the software, creating the very real risk that WTSTC will or already has begun to deconstruct and create derivatives of Resultares' intellectual property. Such activities will cause Resultares irreparable harm and injury for which there is no adequate remedy at law. Such use is explicitly contrary to the language in the Licensing Agreement which states that WTSTC agrees "not to reproduce, republish, reverse-engineer or transfer for any purpose" Resultares' software. *See* Exhibit A-1. By continuing to use the STARRS software without a license, and by modifying, reverse-engineering, and "upgrading" the STARRS software, WTSTC has exceeded any authorization of access it may have previously had.

15. On May 31, 2019, Resultares contacted Rackspace to notify the hosting company of WTSTC's infringement of Resultares' intellectual property and to request that Rackspace terminate the infringing services. *See* Exhibit C. However, Rackspace has not responded. But WTSTC did. *See* Exhibit D. On June 13, 2019, WTSTC again refused to acknowledge Resultares' rights to its STARRS software and *acknowledged* that depriving a party of use of the STARRS

software (which would occur through WTSTC's claims of exclusive ownership or through WTSTC's tinkering with and/or modifying of the STARRS software) constitutes "irreparable harm." Resultares has been unable to sufficiently protect its property rights by negotiating directly with either WTSTC or Rackspace. Accordingly, Resultares seeks an Order from the Court to remedy the existing justiciable controversies among the Parties and to order Rackspace to discontinue hosting Resultares' STARRS software for which WTSTC has been unjustly enriched.

## Causes of Action

*Count I: Breach of Contract Against WTSTC*

16. Each of the foregoing paragraphs is incorporated herein by this reference.

17. WTSTC agreed to be bound by the terms of the License Agreement, a valid and enforceable contract, and as such, is a proper party to sue for breach of contract. Under the terms of the License Agreement, WTSTC agreed to pay Resultares a licensing fee in accordance with a predetermined fee schedule on a monthly basis. If WTSTC failed to make payment within twenty-one (21) days from its receipt of an invoice, then WTSTC contractually agreed that all unpaid invoices shall bear interest at a rate of one and one-half percent (1.5%) per month until paid. Under Section 10(f) of the License Agreement, Defendant WTSTC also agreed that the License Agreement was non-exclusive and non-transferrable, and that Resultares remained the sole owner of all intellectual property developed or maintained pursuant to that same agreement.

18. WTSTC breached the License Agreement by failing to pay Resultares the required licensing fees from January 3, 2019 until the License Agreement terminated on March 2, 2019. WTSTC also breached the License Agreement by continuing to access and utilize Resultares' intellectual property after the License Agreement expired. Further, WTSTC breached the License Agreement by taking steps to "upgrade" or modify Resultares' intellectual property.

19. Resultares has, at all relevant times, fulfilled its obligations under the License Agreement.

20. As a result of WTSTC's breach of Section 3 by failing to pay licensing fees in accordance with the License Agreement, Resultares has suffered damages in an amount within the jurisdictional limits of the Court and requests pre and post judgment interest is authorized under their contract. As a result of WTSTC's breach of Section 10(f) by improperly continuing to use Resultares' proprietary STARRS software after the termination of the License Agreement, Resultares has suffered irreparable harm and injury for which there is no adequate remedy at law and requests injunctive relief from the court as set forth below.

*Count II: Violations of the Computer Fraud and Abuse Act Against WTSTC*

21. Each of the foregoing paragraphs is incorporated herein by this reference.

22. The Computer Fraud and Abuse Act ("CFAA") provides, among other things, that "any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. § 1030(g).

23. Resultares' computers and computer systems, and other computer systems housing Resultares' software, are "protected computers," as that term is defined in Section 1030(e)(2)(B) because they are used in and affect interstate commerce and communication and are connected to the Internet. Such computers are used throughout the United States.

24. Through WTSTC's continued use of Resultares' STARRS software after the termination of the License Agreement, WTSTC knowingly and intentionally accessed, copied, took, and/or stole Resultares' proprietary information and software, without authorization, from Resultares' computers and/or computer network. While WTSTC was once authorized, after the

expiration of the License Agreement, WTSTC's continued use of the Resultares' STARRS software is unauthorized.

25. WTSTC intentionally accessed protected computers and computer systems without authorization and/or in a manner that exceeded its authorized access, and thereby improperly obtained Resultares' proprietary information and software, business processes, forms, and layouts in violation of Section 1030(a)(2)(c) of the CFAA.

26. WTSTC knowingly and with intent to defraud Resultares accessed protected computers and computer systems in a manner exceeding its authorized access, and by means of such conduct, furthered their intended fraud by obtaining Resultares' proprietary information, processes, forms, and layouts in violation of Section 1030(a)(4) of the CFAA.

27. As a result of WTSTC's conduct, Resultares has suffered loss in an amount that shall be determined at trial. Resultares has further suffered additional irreparable injuries for which there is no adequate remedy at law.

28. WTSTC's unauthorized use of the computer systems and the STARRS software has caused Resultares losses, costs, and damages in excess of $5,000 in less than a one-year period of time in its efforts to assess and investigate the damage to the information, computer systems, and software.

29. Specifically, Resultares has incurred more than $5,000 in costs in a one year period to investigate and respond to WTSTC's intrusion of computer systems and the STARRS software and to assess the damage to the systems and STARRS software. Resultares has expended resources, exceeding more than $5,000 in a one-year period in assessing the number of unauthorized transactions committed by WTSTC as well as the changes made to the STARRS software.

30. Resultares also seeks injunctive relief to enjoin WTSTC's continued and/or future use and misappropriation of Resultares' confidential and proprietary information and software, processes, forms, and layouts, which such relief is more fully described below.

### Count III: Violations of the Harmful Access By Computer Act Against WTSTC

31. Each of the foregoing paragraphs is incorporated herein by this reference.

32. WTSTC is liable to Resultares under Texas Civil Practice & Remedies Code § 143.001 *et seq.,* in that Resultares and its intellectual property have been injured as a result of WTSTC's violations of Chapter 33 of the Penal Code, involving computer crimes. By continuing to utilize Resultares' STARRS software after the termination of the License Agreement, WTSTC knowingly and intentionally accessed Resultares' computers, computer networks, and/or computer systems without Resultares' authorization.

33. As a result of WTSTC's conduct, Resultares has suffered damages in an amount within this Court's jurisdiction limits to be determined at trial.

### Count IV: Violations of the Texas Theft Liability Act Against WTSTC

34. Resultares has a possessory right to the STARRS software and allowed WTSTC to utilize the STARRS software pursuant to the terms of a Licensing Agreement.

35. By continuing to utilize the STARRS software after the termination of the License Agreement, WTSTC has unlawfully appropriated, secured, and stolen Resultares' property and services.

36. WTSTC's unlawful taking was made with the intent to deprive Resultares of the property and to avoid rightful payment for the STARRS software.

37. As a result of WTSTC's theft, Resultares has suffered damages in an amount within this Court's jurisdictional limits to be determined at trial.

### Count V: Conversion Against WTSTC

38. Each of the foregoing paragraphs is incorporated herein by this reference.

39. Resultares owns the STARRS software, which is Resultares' personal property. By continuing to utilize Resultares' STARRS software after termination of the License Agreement and by threatening to modify and/or deconstruct Resultares' intellectual property ownership, WTSTC has wrongfully exercised dominion or control over the STARRS software.

40. As a result of WTSTC's conversion, Resultares has sustained damages in an amount within this Court's jurisdictional limits.

### Count VI: Quantum Meruit and Unjust Enrichment Against WTSTC

41. Each of the foregoing paragraphs is incorporated herein by this reference.

42. Through WTSTC's continued use of Resultares' STARRS software to conduct its business operations, after the termination of the License Agreement, Resultares is providing valuable services and materials to WTSTC.

43. WTSTC has accepted and has benefitted from the services and materials, but WTSTC has nevertheless refused to pay a reasonable value for them. It would be unconscionable for WTSTC to retain the benefit of its improper and unauthorized use of Resultares' intellectual property.

44. WTSTC had reasonable notice that Resultares expected compensation for WTSTC's use of the STARRS software. The reasonable value of WTSTC's continued use of, and benefit from, Resultares' STARRS software is far in excess of the amounts that Resultares charged under the License Agreement. Essentially, WTSTC's entire online business model is operated through its use of STARRS. Resultares seeks recovery from WTSTC for the amount found by the finder of fact to represent the reasonable value of the benefit it has provided to WTSTC. This

amount should be measured based on WTSTC's earned profits during all times when it utilized Resultares' software without authorization, permission, or authority.

*Count VII: Declaratory Judgment against WTSTC and Rackspace*

45. Each of the foregoing paragraphs is incorporated herein by this reference.

46. A bona fide dispute exists between Resultares, WTSTC, and Rackspace regarding the Parties' legal rights and whether Rackspace should discontinue hosting the STARRS software for WTSTC's benefit now that the License Agreement between Resultares and WTSTC has terminated. Resultares seeks a declaration from the Court regarding the Parties' rights, obligations, status, and other legal relations under the Partial Service Transfer Form. Specifically, Resultares seeks a declaration from the Court:

- Enjoining WTSTC and all persons or entities in active concert or participation with WTSTC from using or disseminating any of Resultares' proprietary information and/or processes related to the STARRS software;

- Ordering Rackspace to discontinue hosting services to WTSTC that would provide it with access to Resultares' STARRS software.

**Exemplary Damages**

47. Each of the foregoing paragraphs is incorporated herein by this reference.

48. Resultares seeks exemplary damages pursuant to Texas Civil Practice & Remedies Code §41.003(a)(1) and any other provision of law. WTSTC continued to use Resultares' STARRS software after the termination of the License Agreement with full knowledge that such use was unauthorized, improper, and without Resultares' permission. WTSTC's ongoing use of the software when there is no reasonable question that Resultares has full ownership of STARRS amounts to fraud and malice against Resultares. At the very least, WTSTC's conduct is grossly negligent and in violation of Resultares' rights in its proprietary and valuable intellectual property, of the type for which the law allows the imposition of exemplary damages.

### Attorneys' Fees

49. Each of the foregoing paragraphs is incorporated herein by this reference.

50. Resultares has retained the undersigned attorneys to represent it in this action and has agreed to pay them reasonable and necessary attorneys' fees. Resultares seeks recover of these fees, costs, and expenses through trial and all appeals, pursuant to Texas Civil Practice and Remedies Code Chapter 38, the Computer Fraud and Abuse Act, the Harmful Access by Computer Act, the Texas Theft Liability Act, and all other applicable authorities.

### Conditions Precedent

51. All conditions precedent to Resultares' claim for relief have been performed or have occurred.

### Prayer for Relief

WHEREFORE, Plaintiff Resultares Inc. d/b/a SafetyFile™ prays that Defendants West Texas Safety Training Center and Rackspace, Inc. be cited to appear and that on final hearing, Plaintiff Resultares should have judgment as follows:

a. Finding that WTSTC:

   i. Violated (i) the License Agreement; (ii) the Computer Fraud and Abuse Act; (iii) the Harmful Access By Computer Act which has resulted in harm to Resultares or its property, and (iv) the Texas Theft Liability Act;

   ii. Converted Resultares' personal property;

   iii. Maliciously perpetuated a fraud on Resultares, or at least behaved in a manner that is grossly negligent of Resultares' intellectual property ownership rights; and

   iv. Has been unjustly enriched in violation of Texas law.

b. Granting an injunction, pursuant to Federal Rule of Civil Procedure 65 and all other applicable laws, including the Computer Fraud and Abuse Act, and:

      i. Enjoining WTSTC and all persons or entities in active concert or participation with WTSTC from using or disseminating any of Resultares' proprietary information and/or processes related to the STARRS software;

     ii. Ordering Rackspace to discontinue hosting services to WTSTC that would provide WTSTC with access to Resultares' STARRS software.

  c. Awarding Resultares:

      i. Compensatory damages, including actual and consequential damages;

     ii. Exemplary damages

    iii. Reasonably and necessarily incurred attorney fees;

    iv. Pre- and post-judgment interest on the sums awarded as provided in the License Agreement or at the highest rate allowed by law;

     v. Such other and further relief, both general and special, at law or in equity, to which Resultares may show itself to be entitled.

       Respectfully submitted,

       **DAVIS, GERALD & CREMER**
       **A Professional Corporation**
       400 W. Illinois, Suite 1400
       Midland, Texas 79701
       (432) 687-0011
       Fax: (432) 687-1735


By:*/s/ Katherine L. Petroski*
       Katherine L. Petroski
       State Bar No. 24088218
       klpetroski@dgclaw.com

       Anthony E. Bouselli
       State Bar No. 24084880
       aebouselli@dgclaw.com

       Mr. Bobby W. Braxton
       State Bar No. 24059484
       braxton@bhp-ip.com
       Braxton, Hilton & Perrone, PLLC
       4975 Preston Park Blvd., Ste. 490
       Plano, Texas 75093
       (469) 814-0032
       Fax: (469) 814-0023

       **ATTORNEYS FOR PLAINTIFF RESULTARES, INC.**